UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------x
KENDARI WELCH,                         CIVIL ACTION: **15 Cv 1488**

          Plaintiff,

  - against –

                                **<u>AMENDED</u> <u>COMPLAINT</u>**

CITY OF NEW YORK, POLICE OFFICER,
KENNETH SPAETH individually and in his
official capacity, and
POLICE OFFICER MELISSA DEPALMA,
individually and in her official
capacity, and POLICE OFFICER
JOSEPH CORRADO individually
and in his official capacity.        Jury Trial Demanded
                    Defendants.
-------------------------------x

    1.  Plaintiff, KENDARI WELCH, by his attorney, Robert H. Parker, complains of the Defendants and respectfully sets forth to this Court as follows:

**<u>PRELIMINARY STATEMENT</u>**

    2.  This action is brought pursuant to the provisions of 42.U.S.C.§1983,§1985 and, pursuant to claims for, deprivation of Plaintiff's constitutional rights, including lack of due process, illegal search, seizure, and imprisonment, unconstitutional taking of property, and intentional infliction of emotional distress.

**JURY TRIAL DEMANDED**

3.    Plaintiff demands trial by jury in this action.

**JURISDICTION AND VENUE**

4.    This action arises under the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, under 42 U.S.C. §§§1983, 1985 and 1988.

5.    The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343(a)(3) and (4), and upon pendent juris-diction.

6.    Venue lies in this district pursuant to 28 U.S.C. §1391(b).

**THE PARTIES**

7.    The Plaintiff was and still is a resident of Kings County, City and State of New York.

8.    Upon information and belief, and at all times hereinafter mentioned, the defendant, City of New York, (hereinafter referred to as "CITY") was and still is a municipal corporation and body politic, organized and existing under the Laws of the State of New York and the Charter of the City of New York

9.    Upon information and belief, and at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT

2

is an agency, authorized and operating under the rules and regulations of the CITY.

10.  Upon information and belief, and at all times hereinafter, defendant Police Officer KENNETH SPAETH was and still is a New York City detective with his primary office located at the 63rd precinct, 1844 Brooklyn Avenue, Brooklyn New York 11210, and said detective, was acting under the color of law and within the scope of his employment.

11.  Upon information and belief, and at all times hereinafter, defendant Police Officer MELISSA DEPALMA was and still is a New York City police officer with her primary office located at the 70th precinct, 154 Lawrence Ave, Brooklyn, NY 11230, and said police officer, was acting under the color of law and within the scope of her employment.

12.  Upon information and belief, and at all times hereinafter, defendant Police Officer JOSEPH CARRADO was and still is a New York City police officer with his primary office located at the 70th precinct, 154 Lawrence Ave, Brooklyn, NY 11230, and said police officer, was acting under the color of law and within the scope of his employment.

13.  Upon information and belief, and at all times hereinafter, defendant New York City Probation Officers John and Jane Does, are employed by the City of New York, and acted under

3

the color of law and within the scope of their employment.

## THE FACTS

-FIRST INCIDENT-

14.    This case highlights the consistent failure of vital and important communication and rampant mis-communication between various New York City agencies, which often result in false arrests, imprisonment and loss of property of New Yorkers, including plaintiff herein.

15.  On or about March 7, 2014, plaintiff WELCH went to the department of motor vehicles to clear up outstanding issues regarding his driver's license.

16.  On March 7, 2014, New York state issued to plaintiff WELCH a valid license with documentation to operate a motor vehicle in the state of New York.

17. On or about March 22, 2014, plaintiff was lawfully operating a 2004 Ford E350 motor vehicle on a public road in the County of Kings, City and State of New York.

18.  A POLICE OFFICER MELISSA DEPALMA stopped plaintiff's motor vehicle and demanded that plaintiff produce identification.

19.  Plaintiff produced his driver's license and paperwork for his vehicle and handed same to the police officer.

20.  Plaintiff's papers indicated that plaintiff' privilege to drive was very recently restored.

21.  Yet, officer DEPALMA, after reviewing plaintiff's paperwork, indicated to plaintiff that he knew his privilege to drive was suspended, and that plaintiff was going to be arrested.

22.  The aforementioned police officer then shackled plaintiff in handcuffs, took him into custody, and searched his person and his motor vehicle without warrant.

23.  At the time of plaintiff's arrest, his privilege to drive was not suspended.

24.  Every New York City officer knows, or should know that if a person's privilege to drive was either recently suspended, or recently restored, it may take some time for such driver to be notified of his license status change.

25.  Further, every police officer knows or should know that one of the elements for an arrest of a person who is operating a motor vehicle without privilege, is that the subject driver knew or should have known their privilege to drive has changed.

26.  Thus, because of the lack of due diligence on behalf of the New York City police department and related motor vehicle department agencies, at any given time many New Yorkers are driving in New York city with no clue whatsoever that their driving privileges have changed and that they are subject to a

life altering arrest.

27.   At the time of plaintiff's arrest, he was operating his own lawful business using his motor vehicle.

28.   A number of plaintiff's paying customers observed the plaintiff being arrested.

29. As a result of plaintiff's false arrest, plaintiff was imprisoned for nearly 30 hours for no reason.

30.   Plaintiffs case was dismissed once the court system noted that plaintiff's privilege to drive was indeed valid on the day of his arrest.

-SECOND INCIDENT-

31. On or about April 10, 2014, just two weeks after being arrested in the above mention incident, plaintiff was lawfully operating a 2007 E350 van on a public road in the county of Kings, City and State of New York, when plaintiff was again falsely arrested by POLICE OFFICER JOSEPH CORRADO.

32.  Plaintiff was again shackled in front of his paying customers and taken to central booking.

33.  Plaintiff waited approximately twenty hours before seeing a judge.

34.  At the time of plaintiff's arrest, plaintiff was being supervised by Probation.

35. As a result of plaintiff's false arrest, plaintiff's probation officer filed violations (also known as a violation of probation hereinafter " VOP") against plaintiff.

36.  Probation officer JOHN and JANE DOE explained to plaintiff that it takes approximately forty five days to be heard on a VOP, or the plaintiff can just take an immediate forty five day sentence on a plea to a VOP.

37.  Plaintiff, with the prospects of spending forty five days in jail, no matter what choice he made, opted to plead guilty to the VOP, for driving while his privilege to do so, was suspended.

8

38.   Plaintiff knowingly pled guilty to the VOP offense, knowing that in fact he was not guilty.

39.   Plaintiff was denied a prompt hearing on the VOP, and said probation officer "DOE" violated plaintiff's due process rights.

40.   Furthermore, while plaintiff was incarcerated for this arrest, he was sickened in a hospital for approximately seven days while being held in the facility.

41.   On or about July 14, 2014, the criminal charges were dismissed by the Kings County district attorney's office.

-Illegal Taking-

42.   Plaintiff owns and operates a legal business in the city of New York using Ford vans.

43.   On or about September 2014, plaintiff's cousin was lawfully operating one of plaintiff's vans, a 2006 Ford E350 motor vehicle on a public street in the county of Kings, City and State of New York.

44.   An unrelated dispute broke out on the street between individuals unknown to plaintiff or his cousin.  That dispute result in gunfire.

45.   Several gunshots struck plaintiff's motor vehicle resulting in holes in the sides of said vehicle.

46.   Plaintiff's motor vehicle was seized by the New York City police department.

47.   Detective Kenneth (aka Spaeth") Spaeth was assigned to the case and either took possession or control over plaintiff's 2006 motor vehicle.

48.   Detective Spaeth knew that plaintiff, nor his relatives had nothing to do with the gunfire resulting in damage to plaintiff's vehicle .

49.   Seven months later, detective Spaeth was still holding on to plaintiff' motor vehicle for no apparent reason, other than to frustrate plaintiff.

10

50.   Plaintiff was not given an invoice or any paperwork what so ever regarding his motor vehicle.

51.   Every instance plaintiff went down to see Detective Spatz to retrieve his vehicle, he was told by Spaeth in sum and substance, "I WILL RELEASE THE VEHICLE WHEN I AM GOOD AND READY."

52.   Plaintiff was informed by the New York City police department that no one was injured as a result of the aforementioned gunfire, no one was arrested, or prosecuted.

53.   Members of the New York City police department have held, or continue to hold vehicles owned by the plaintiff without any property invoices, or legal reason to do so.

54.   Plaintiff lost valuable income and business as a result of his vans being illegally seized by the police department.

11

## COUNT ONE: FALSE ARREST/ IMPRISONMENT

55.   Plaintiff hereby reiterates paragraphs 1 through 54, as though fully stated herein and further alleges as follows;

56.   The Defendants, by having unlawfully and illegally detained and forcibly shackled the Plaintiff without probable cause, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C. §1983. The rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, have been violated.

57.   The Defendants acted under pretense and color of the State Law and in their individual official capacities. The acts of the Defendants were without authority of law and constituted a severe abuse of their powers. Defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights as secured by 42 U.S.C.$1983, and by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

58.   As a direct and proximate result of the misconduct of the Defendants as afore described, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

59.   Based upon the allegations as set forth herein, Defendants violated Plaintiff's civil rights to be free from false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

60.   Plaintiff seeks damages in the sum of Five Million Dollars and exemplary damages of Five Million Dollars or as a jury so determines.

61.   As a result of the three above mentioned incidents, plaintiff was caused to suffer severe emotional distress, loss income, loss of property, false imprisonment, fear of future false arrests, and malicious prosecution, through no fault of his own.

## COUNT TWO: MONELL CLAIMS

62.   Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered " 1 " through "61" inclusive as if the same were fully set forth at length herein.

63.   Upon information and belief, the Defendants have engaged in a long standing and pervasive pattern of constitutionally offensive conduct, including the knowing harassment and prosecution of individuals, without probable cause or authority, and the repeated use of excessive force and abuse, in purportedly performing their duties as employees of the Defendant City.  Specifically, it is well known that a high number of New York City arrests for knowingly driving without a driver's license result in dismissal because of the failure of New York state motor vehicle agencies to promptly and properly notify drivers.  Also that when a driving privilege is restored, there is often a delay or a failure to update driver's databases.  The New York City police department, and the City of New York is well aware of this problem, but in an effort to keep arrest numbers up, insist on arresting New York city drivers, such as the plaintiff, whether or not driving privileges are valid or not.

14

64.   Upon information and belief, the Defendants have
engaged in a long pattern of constitutionally offensive conduct,
in failing in the proper prosecution thereof, and failing to
properly train, supervise, and discipline police officers and
members of the police department in proper enforcement of these
alleged crimes and prosecutions.

65.   Upon information and belief and prior to the acts
complained of herein, the Defendant City of New York, and its
agency New York City Police Department, through supervisory
personnel, had knowledge and notice of this pattern of
unconstitutional conduct by the individual Defendants, but
knowingly failed to take any remedial steps to train, supervise
or discipline the individual Defendants to prevent the type of
conduct to which they subjected the Plaintiff.

66.   Upon information and belief, the acts complained of by
Plaintiff herein are a direct and proximate result of the
conduct and practices of the Defendants City of New York ,
the New York City Police Department and New York City department
of Probation, department employees and representatives, and
constituted tacit authorization, and gross indifference to, the
pattern of unconstitutional conduct by the individual
Defendants, and Defendant City of New York and its Police

Department, and the knowing failure to train, supervise or properly discipline the individual Defendants.

67. By reason of the foregoing, the Defendant, the City of New York , its police department and its department of probation have engaged in an official policy, practice and custom which, through the acts of the individual Defendants, were in furtherance thereof, and have deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States and were in violation of 42 U.S.C. S1983, and have deprived Plaintiff of his rights as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

68. As a direct and proximate result of the official policy, practice and custom of the Defendant City of New York and its Fire and Police Department as alleged herein, Plaintiff sustained damages hereinbefore alleged.

69. Based upon the allegations as set forth herein, the Defendants have violated the plaintiffs rights to be free from false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

70. Plaintiff seeks compensatory damages in the sum of Five Million Dollars and exemplary damages of an additional Five Million Dollars, or as a jury so determines.

**<u>COUNT THREE: Probation Officers Lack of Due Process</u>**

71.  Plaintiff hereby reiterates paragraphs 1 through 70, as though fully stated herein and further alleges as follows;

72.  The Defendant probation officers, by having unlawfully and illegally detained for forty five days and forcibly shackled the Plaintiff without probable cause and without process, deprived Plaintiff of the rights, remedies, privileges and immunities guaranteed to every citizen of the United States of America, all of which was in violation of 42 U.S.C. §1983. The rights of the Plaintiff, as guaranteed by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution, have been violated.

73.  The Defendant probation officers acted under pretense and color of the State Law and in their individual official capacities. The acts of the Defendant probation officers were without authority of law and constituted a severe abuse of their powers. Defendants acted intentionally, willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights as secured by 42 U.S.C.§1983, and by the 4th, 5th, 6th, 8th and 14th Amendments to the United States Constitution.

74.   As a direct and proximate result of the misconduct of the Defendants as afore described, and the wrongful acts and abuses of authority as detailed above, Plaintiff sustained the damages hereinbefore alleged.

75.   Based upon the allegations as set forth herein, Defendants violated Plaintiff's civil rights to be free from false arrest, false imprisonment, malicious prosecution and intentional infliction of emotional distress.

76.   Plaintiff seeks damages in the sum of Five Million Dollars and exemplary damages of Five Million Dollars or as a jury so determines.

## FOURTH COUNT: ILLEGAL TAKING

77.   Plaintiff hereby reiterates paragraphs 1 through 76, as though fully stated herein and further alleges as follows;

78.   The defendant KENNETH SPAETH, of the 63rd precinct, under the color of law, and while acting within his scope of employment, by having unlawfully and illegally taken plaintiff's 2006 motor vehicle, as herein alleged, have deprived plaintiff of due process rights, and his property rights, and that such conduct is pervasive and ongoing.

79. That as a result of this defendant's abuse of power, defendant has caused plaintiff severe emotional distress, loss of his motor vehicle, business profits and good will in his community.

## COUNT FIVE: INJUNCTIVE RELIEF

80.   Plaintiff hereby reiterates paragraphs 1 through 79, as though fully stated herein and further alleges as follows;

81.   Plaintiff seeks relief from this court to wit:  That based upon the following allegations in this complain, that defendant SPAETH, immediately and forthwith release plaintiff's motor vehicle, or show good cause as to why such vehicle needs to be held indefinitely.

82.   Plaintiff seeks a bill of costs, including attorney fees and costs related to this action, and or punitive relief for any failure to comply with any orders that this court may issue regarding return of said vehicle.

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a)   On each Count in such sums as may be determined upon the trial of this action, including, but not limited to general damages, special damages and punitive damages,

b)   Punitive Damages as to all Defendants for intentional conduct as described above.

c)   For reasonable attorney's fees pursuant to 42 U.S.C. §1988, together with costs and disbursements; and

d)   For Injunctive Relief as specified in Count Five

d)   For such other and further relief as this Court may deem just and proper.

Dated:   NOVEMBER 20, 2015

Robert H. Parker, Jr.
Attorney for Plaintiff

By: _____/s/_____
     Robert H. Parker (RP-1682)
     6008 8th Avenue
     Brooklyn, New York 11220
     (646) 280-8411

21